**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALIHAR SINGH; KULWINDER KAUR KHELA; JASDEEP KAUR, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71651 <br><br> Agency Nos.     A089-299-972 <br>                A089-299-973 <br>                A089-299-974 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]
San Francisco, California

Before: SCHROEDER, KOZINSKI, and TROTT, Circuit Judges.

Petitioners Balihar Singh, Kulwinder Kaur Khela, and Jasdeep Kaur, natives

and citizens of India, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination. *Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination. The BIA's determination considered the totality of the circumstances and rested on "specific and cogent reasons" related to Singh's demeanor and numerous inconsistencies in his testimony. *See Shrestha v. Holder*, 590 F.3d 1034, 1042–43 (9th Cir. 2010). These included inconsistencies between his hearing testimony and prior statements, internal inconsistencies within his testimony, and inconsistencies between his testimony and supporting documents, as well as his demeanor. Singh exhibited a pattern of hesitation and unresponsiveness that prompted the government's attorney to state the frequency and duration of the pauses for the record. In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the same testimony the BIA found not credible, and Singh does not point to any evidence that compels the conclusion

that it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See id.* at 1156–57.

Petition **DENIED**.